THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHANEL, INC., a New York corporation,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ZHONG ZHIBING a/k/a ZHONG  )<br>ZHIPING and DOES 1-10,  )<br>  )<br>Defendants.  )<br>  ) | Case No. 2:09-cv-02835-cgc |

DEFAULT JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANT ZHONG ZHIPING, A/K/A ZHONG ZHIPING

Before the Court is Plaintiff, Chanel, Inc.'s Motion for Final Default Judgment against Defendant Zhong Zhibing, a/k/a Zhong Zhiping. (D.E. #12.) The Clerk of Court entered a default against Defendant pursuant to Rule 55(a) on April 15, 2010 (D.E. #11). The Court held a hearing on Plaintiff's motion on August 18, 2010, at which counsel for Plaintiff was present and Defendant failed to appear. At the hearing, Plaintiff consented on the record to the jurisdiction of the Magistrate Judge.

Upon review of the instant motion, the argument of counsel for Plaintiff, and the record in this matter, it is hereby ORDERED that Plaintiff's Motion for Final Default Judgment is GRANTED, and default judgment is entered in favor of Plaintiff, Chanel, Inc., a New York corporation, with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019, and against Defendant Zhong Zhibing a/k/a Zhong Zhiping. It is further ORDERED as follows:

1. Pursuant to 15 U.S.C. § 1117(c) Plaintiff is awarded statutory damages against Defendant in the amount of Two-Hundred and Fifty Two Thousand Dollars and Zero Cents ($252,000.00), for which let execution issue;

2. Plaintiff is awarded costs against Defendant in the amount of Seven Hundred Dollars and Zero Cents ($700.00), for which let execution issue;

3. Pre-judgment interest from the date the Complaint filed shall accrue at the legal rate.

4. A permanent injunction shall issue against Defendant Zhong Zhibing a/k/a Zhong Zhiping. In order to give practical effect to the permanent injunction, the domain names 86replica.com, amazingbag.com, go4bags.com, go4replica.com, ioffershoes.com, ireplicahandbags.com, replica86bags.com, replica86handbags.com, replicascarf.com, and shoes-replica.com (the "Subject Domain Names") are hereby ordered to be immediately transferred by Defendant, his assignees and/or successors in interest or title, and the Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the Subject Domain Names to Plaintiff's control within ten (10) days of receipt of this judgment, the United States based Registry shall, within thirty (30) days, transfer the Subject Domain Names to a United States based Registrar of Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Names to Plaintiff; and;

5. Upon Plaintiff's request, the top level domain (TLD) Registries for the Subject Domain Names, within thirty (30) days of receipt of this Order, shall place the Subject Domain Names on Registry Hold status, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Name to the IP address where the associated website is hosted.

**IT IS SO ORDERED** this 20th day of August, 2010.

                                                        s/ Charmiane G. Claxton
                                                       CHARMIANE G. CLAXTON
                                                       UNITED STATES MAGISTRATE JUDGE