**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**CHANEL, INC.,**
**a New York corporation,**

      **Plaintiff,**

v.                                                                                  No 2:09-cv-02835-cgc

**ZHONG ZHIBING, a/k/a ZHONG
ZHIPING, and DOES 1-10,**

      **Defendants.**

**ORDER VACATING DEFAULT JUDGMENT AND PERMANENT INJUNCTION AND
JUDGMENT AGAINST DEFENDANT ZHONG ZHIPING, A/K/A ZHONG ZHIPING**

      This case arises from Plaintiff Chanel, Inc.'s ("Chanel") claims of trademark counterfeiting and infringement and false designation of origin. Chanel filed its Complaint on December 22, 2009, and a Summons was issued to be served upon Defendant Zhong Zhibing ("Zhibing"). The case was assigned to United States Magistrate Judge Charmiane G. Claxton as the presiding judge.

      On February 9, 2010, Chanel filed an Ex Parte Motion to Authorize Alternate Service of Process on Zhibing pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, which was granted on March 17, 2010. On March 25, 2010, Chanel filed its Proof of Service stating that Zhibing was electronically served with process on March 18, 2010. Zhibing did not file an answer or otherwise respond to Chanel's Complaint within the time period set forth in Rule 12 of the Federal Rules of Civil Procedure.

      On April 13, 2010, Chanel filed a Motion for Entry of Clerk's Default, which was granted

1

on April 15, 2010.  On June 22, 2010, Chanel filed a Motion for Default Judgment, which was heard by the Magistrate Judge on August 20, 2010.  The Magistrate Judge entered the Default Judgment and Permanent Injunction and the Final Judgment on August 20, 2010.

Upon further review, the Court concludes that the Magistrate Judge did not have jurisdiction to enter the Default Judgment and Permanent Injunction and Final Judgment absent the consent of all the parties.  Under the Federal Magistrates Act, 28 U.S.C. § 636 *et seq.*, a United States Magistrate Judge is empowered to enter a final judgment in a civil case "[u]pon consent of the parties."  28 U.S.C. § 636(c)(1).  In USA Figure Skating v. Dickinson, 2000 WL 1679431 (6th Cir. 2000), the Sixth Circuit held that, "[i]n the absence of the consent of all the parties, a magistrate judge lacks the authority to enter dispositive rulings."  Id. at *1 (citing 28 U.S.C. § 636(c); Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir. 1984) (requiring a "clear and unambiguous statement in the record indicating that the parties consented to the exercise of plenary jurisdiction by the Magistrate").  The Dickinson court further held that "[a] § 636(c) consent entered prior to the entry of an appearance by a party is not binding on that party."  2000 WL 1679431 at *1 (citing Henry v. Tri-Services, Inc., 33 F.3d 931, 933 (8th Cir. 1994)).

Accordingly, the Court orders sua sponte that the August 20, 2010 Default Judgment and Permanent Injunction (D.E. #14) and Final Judgment (D.E. #16) are hereby VACATED.  The Clerk's entry of default on April 15, 2010 remains in effect, and the Motion for Entry of Default Judgment (D.E. #12) should be reopened and assigned to a United States District Judge.[1]

---

[1] Following the Magistrate Judge's entry of the Default Judgment and Permanent Injunction, which was almost verbatim to Chanel's Proposed Default Judgment and Permanent Injunction submitted to the Court's Electronic Case Filing ("ECF") system, the Magistrate Judge was notified by counsel for Chanel that it had requested additional terms for the Permanent Injunction in Exhibit 10 to the Motion for Entry of Default Judgment. The Magistrate Judge finds that the substance of any Default Judgment and Permanent Injunction must be determined by the assigned United States District Judge.

**IT IS SO ORDERED** this 3rd day of February, 2011.

                                                                          s/ Charmiane G. Claxton
                                                                          CHARMIANE G. CLAXTON
                                                                          UNITED STATES MAGISTRATE JUDGE